# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER JOHNSON, | * | |
| CHRISTOPHER B. MORMAN, | * | |
| and MICHAEL JOHNSON, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| VS. | * | CASE NO. 6:06-CV-34 (HL) |
| | * | 42 U.S.C. § 1983 |
| BAINBRIDGE DEP'T OF FAMILY | * | |
| AND CHILDRENS' SERVICES, | * | |
| GINGER HARRISON, and TIM | * | |
| GREEN, | * | |
| | * | |
| Defendants. | * | |

## ORDER AND RECOMMENDATION OF DISMISSAL

Plaintiffs has filed the above styled Section 1983 action against the named Defendants. Plaintiff Jennifer Johnson is also seeking leave to proceed without prepayment of the filing fee or security therefor. As it appears that plaintiff is unable to pay the cost of commencing this action, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Petitioner must pay 20% per month of her prison

account until the $350.00 filing fee is paid in full.

account until the $350.00 filing fee is paid in full.

The Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## Plaintiff's Complaint

Plaintiff's Complaint contends that she, her brother and her husband were charged with cruelty to children, felony murder and malice murder in the death of her five month old son Joshua, whose cause of death was listed as child abuse caused by blunt force trauma to the abdomen. Plaintiff argues that the Defendants thereafter improperly removed her three remaining children from her custody. Plaintiff contends that she is not guilty of the offenses charged and asks that the court release her from prison, clear her criminal record and return custody of the three children to her, along with $800,000 in punitive damages.

## Preliminary Review of Complaint

Pursuant to 28 U.S.C. § 1915A:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

>governmental entity or officer or employee of a governmental entity.
>(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
>>(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Nowhere in his complaint does Plaintiff articulate a constitutional claim that would invoke the jurisdiction of this court. She states in her Complaint that she has attempted no state grievance procedures or other state remedies before filing this action pursuant to 42 U.S.C. § 1983.

### Analysis of the Law

Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 487. When a section 1983 prisoner seeks damages, the district court must

determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Plaintiff fails to allege that any constitutional rights have been violated, but rather, merely makes vague statements that, if proved, would invalidate the state criminal proceeding.  As Plaintiff has not demonstrated that her sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, she fails to state a cause of action upon which this court may grant relief.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claim for damages be **DISMISSED** without prejudice to Plaintiff's refiling if and when a final disposition of her criminal proceedings should be resolved in her favor.  Under 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 26th Day of May, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe